MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
OSCAR ENMANUEL CARCAMO MORAN,
*individually and on behalf of others similarly situated,*

      *Plaintiff,*

     -against-

PIZZA ON STONE, LLC. (d/b/a ADRIENNE'S
PIZZA BAR), RESTAURANT ON THE
SQUARE INC. (d/b/a ADRIENNE'S PIZZA
BAR), PEARL STONE RESTAURANT INC.
(d/b/a ADRIENNE'S PIZZA BAR), NICK
ANGELIS and HARRY POLAKAKOS,

      *Defendants.*
------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

   Plaintiff Oscar Enmanuel Carcamo Moran ("Plaintiff Carcamo" or "Mr. Carcamo"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon information and belief, and as against Pizza on Stone, LLC. (d/b/a Adrienne's Pizza bar), Restaurant on the Square Inc. (d/b/a Adrienne's Pizza bar), Pearl Stone Restaurant Inc. (d/b/a Adrienne's Pizza Bar) (collectively "Defendant Corporations"), Nick Angelis and Harry Polakakos (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

   1. Plaintiff Oscar Enmanuel Carcamo Moran is a former employee of Defendants Pizza on Stone, LLC. (d/b/a Adrienne's Pizza bar), Restaurant on the Square Inc. (d/b/a Adrienne's

Pizza bar), Pearl Stone Restaurant Inc. (d/b/a Adrienne's Pizza Bar), Nick Angelis and Harry Polakakos

2. "Adrienne's Pizzabar" is a pizzeria located at 54 Stone St, New York, New York 10004.

3. Upon information and belief, Defendants Nick Angelis and Harry Polakakos serve or served as owners, managers, principals and/or agents of Defendant Corporations and through these corporate entities operates the pizzeria .

4. Plaintiff Carcamo is a former employee of Defendants.

5. Plaintiff Carcamo was ostensibly employed as a delivery worker, but he was required to spend a substantial amount of time each day performing non-tipped duties unrelated to delivery work, including: cleaning the kitchen, cleaning the bathroom, sweeping and mopping, cleaning shrimp, making payments for the managers' personal bills, making personal deliveries for the manager, stocking all merchandise that got delivered to the store, filling the refrigerator with soda, folding pizza boxes, taking out trash, buying products for the store such as lamps, tubes and tapes at the local hardware store, picking up products from other pizzerias, dropping off pizza dough to other pizzerias, and preparing pizza dough when employees called in sick  (hereinafter "non-tip non-delivery duties").

6. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Carcamo and other employees to work without providing the minimum wage compensation required by federal and state law and regulations.

2

7. Defendants employed and accounted for Plaintiff Carcamo as a delivery worker in their payroll, but in actuality his duties included greater or equal time spent performing the non-delivery, non-tipped duties alleged above.

8. Regardless of duties, from approximately July 2014 until on or about October 3, 2017, Defendants paid Plaintiff Carcamo and all other delivery workers at a rate lower than the tip-credit rate.

9. In addition, under both the FLSA and NYLL, Defendants were not entitled to take a tip-credit because Plaintiff Carcamo's non-tipped duties exceeded 20% of each workday, (12 N.Y.C.R.R. § 146).

10. Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Carcamo's actual duties in payroll records to avoid paying Plaintiff Carcamo at the minimum wage rate, and to enable them to pay Plaintiff Carcamo at the lower tip-credited rate, which they still failed to do, by designating him as a delivery worker instead of a non-tipped employee.

11. Defendants' conduct extended beyond Plaintiff Carcamo to all other similarly situated employees.

12. Plaintiff Carcamo now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

13. Plaintiff Carcamo seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Carcamo's state law claims is conferred by 28 U.S.C. § 1367(a).

15. Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Carcamo was employed by Defendants in this district.

## PARTIES

*Plaintiff*

16. Plaintiff Carcamo is an adult individual residing in Queens County, New York.

17. Plaintiff Carcamo was employed by Defendants from approximately July 2014 until on or about October 3, 2017.

18. Pursuant to 29 U.S.C. § 216(b), Plaintiff Carcamo consents to being a party and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

19. At all times relevant to this Complaint, Defendants owned, operated, and/or controlled a pizzeria located at 54 Stone St, New York, New York 10004 under the name "Adrienne's Pizzabar".

20. Upon information and belief, Defendants Pizza on Stone, LLC. (d/b/a Adrienne's Pizzabar), is a Corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 54 Stone St, New York, New York 10004.

21. Upon information and belief, Defendants Restaurant on the Square Inc. (d/b/a Adrienne's Pizzabar), is a Domestic Corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 54 Stone St, New York, New York 10004 and its process address at 93 Pearl Street, New York, New York 10004-2713.

22. Upon information and belief, Defendants Pearl Stone Restaurant Inc. (d/b/a Adrienne's Pizzabar), is a Domestic Corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 54 Stone St, New York, New York 10004 and its process address at 93 Pearl Street, New York, New York 10004-2713.

23. Defendant Nick Angelis is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Nick Angelis is sued individually and in his capacity as an owner, officer and/or agent of Defendant Corporations.

24. Defendant Nick Angelis possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations and/or controlled significant functions of Defendant Corporations.

25. Defendant Nick Angelis determined the wages and compensation of the employees of Defendants, including Plaintiff Carcamo, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

26. Defendant Harry Polakakos is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Harry Polakakos is sued individually and in his capacity as an owner, officer and/or agent of Defendant Corporations.

27. Defendant Harry Polakakos possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations and/or controlled significant functions of Defendant Corporations.

28. Defendant Harry Polakakos determined the wages and compensation of the employees of Defendants, including Plaintiff Carcamo, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

29. Defendants operate a pizzeria located at 54 Stone St. New York, New York 10004.

30. Individual Defendants Nick Angelis and Harry Polakakos possess operational control over Defendant Corporations, possess an ownership interest in Defendant Corporations, and control significant functions of Defendant Corporations.

31. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

32. Each Defendant possessed substantial control over Plaintiff Carcamo's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Carcamo, and all similarly situated individuals, referred to herein.

33. Defendants jointly employed Plaintiff Carcamo, and all similarly situated individuals, and are Plaintiff Carcamo's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

34. In the alternative, Defendants constitute a single employer of Plaintiff Carcamo and/or similarly situated individuals.

35. Upon information and belief, Individual Defendants Nick Angelis and Harry Polakakos operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as legal entities separate and apart from themselves by, among other things:

      (a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as separate and legally distinct entities;

      (b) defectively forming or maintaining Defendant Corporations by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

      (c) transferring assets and debts freely as between all Defendants;

(d)     operating Defendant Corporations for their own benefit as the sole or majority shareholders;

(e)     operating Defendant Corporations for their own benefit and maintaining control over them as closed Corporations or closely controlled entities;

(f)     intermingling assets and debts of their own with Defendant Corporations;

(g)     diminishing and/or transferring assets of Defendant Corporations to protect their own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

36. At all relevant times, Defendants were Plaintiff Carcamo's employers within the meaning of the FLSA and NYLL.

37. Defendants had the power to hire and fire Plaintiff Carcamo, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Carcamo's services.

38. In each year from 2014 to 2016, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

39. In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were sold in the pizzeria on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

40. Plaintiff Carcamo is a former employee of Defendants who was ostensibly employed as a delivery worker, but who spent more than 20% of each work day performing the non-delivery, non-tip duties outlined above.

41. Plaintiff Carcamo seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Oscar Enmanuel Carcamo Moran*

42. Plaintiff Carcamo was employed by Defendants from approximately July 2014 until on or about October 3, 2017.

43. At all relevant times, Plaintiff Carcamo was ostensibly employed by Defendants as a delivery worker.

44. However, Plaintiff Carcamo spent at least 20% of each work day performing the non-delivery, non-tip duties outlined above.

45. Plaintiff Carcamo regularly handled goods in interstate commerce, such as food and other supplies produced outside of the State of New York.

46. Plaintiff Carcamo's work duties required neither discretion nor independent judgment.

47. From approximately July 2014 until on or about August 2014, Plaintiff Carcamo worked from approximately 10:00 a.m. until on or about 3:00 p.m. three days a week and from approximately 9:45 a.m. until on or about 3:25 p.m. three days a week (typically 32 hours per week).

48. From approximately August 2014 until on or about October 2015, Plaintiff Carcamo worked from approximately 10:00 a.m. until on or about 3:25 p.m. five days a week (typically 27 hours per week).

49. From approximately October 2015 until on or about April 2016, Plaintiff Carcamo worked from approximately 10:00 a.m. until on or about 4:00 p.m. five days a week, and from approximately 12:00 p.m. until on or about 9:00 p.m. on Sundays (typically 39 hours per week).

50. From approximately April 2016 until on or about March 2017 Plaintiff Carcamo worked from approximately 10:00 a.m. until on or about 3:00 p.m. four days a week (typically 20 hours per week).

51. From approximately March 2017 until on or about October 3, 2017, Plaintiff Carcamo worked from approximately 11:00 a.m. until on or about 2:00 p.m. three days a week and from approximately 10:00 a.m. until on or about 3:00 p.m. one day a week (typically 14 hours per week).

52. Throughout his entire employment, defendants paid Plaintiff Carcamo his wages by check.

53. From approximately July 2014 until on or about April 2016, defendants paid Plaintiff Carcamo $5.65 per hour.

54. From approximately April 2016 until on or about December 2016, defendants paid Plaintiff Carcamo $7.15 per hour.

55. From approximately January 2017 until on or about October 3, 2017, defendants paid Plaintiff Carcamo $9.15 per hour.

56. Defendants never granted Plaintiff Carcamo any break or meal periods of any length.

57. Plaintiff Carcamo was never notified by Defendants that his tips would be included as an offset for wages.

58. Defendants did not account for these tips in any daily, weekly or other accounting of Plaintiff Carcamo's wages.

59. Defendants never provided Plaintiff Carcamo with an accurate written notice, in English and in Spanish (Plaintiff Carcamo's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

60. No accurate notification, either in the form of posted notices or other means, was ever given to Plaintiff Carcamo regarding overtime and wages under the FLSA and NYLL.

61. Defendants required Plaintiff Carcamo to purchase "tools of the trade" with his own funds—including six bicycles, a helmet, bicycle lights and a lock and chain.

*Defendants' General Employment Practices*

62. Defendants regularly required their employees, including Plaintiff Carcamo, to work without paying them the required minimum wage.

63. Defendants maintained a policy and practice of requiring Plaintiff Carcamo and all similarly situated employees to work without paying them appropriate minimum wage, as required by federal and state laws.

64. Defendants failed to inform Plaintiff Carcamo that his tips would be credited towards the payment of the minimum wage.

11

65. At no time did Defendants inform Plaintiff Carcamo that they had reduced his hourly wage by a tip allowance.

66. Defendants failed to maintain a record of tips earned by Plaintiff Carcamo for the deliveries he made to customers.

67. Defendants required all delivery workers, including Plaintiff Carcamo, to perform general non-delivery, non-tipped restaurant tasks in addition to their primary duties as delivery workers. Plaintiff Carcamo, and all similarly situated employees, were ostensibly employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-delivery, non-tipped duties.

68. Plaintiff Carcamo and all other delivery workers were paid at the lower tip-credit rate by Defendants. However, under state law, Defendants were not entitled to a tip credit because the delivery worker's and Plaintiff Carcamo's non-tipped duties exceeded 20% of each workday (12 N.Y.C.R.R. § 146).

69. In addition, from approximately July 2014 until on or about October 3, 2017, Defendants paid Plaintiff Carcamo at a rate that was lower than the required tip credit rate.

70. New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

71. The delivery workers', including Plaintiff Carcamo's, duties were not incidental to their occupation as delivery workers, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

72. In violation of federal and state law as codified above, Defendants classified Plaintiff Carcamo and other delivery workers as tipped employees, and paid them at the tip-credited rate (and at a rate that was lower than the tip credit rate) when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

73. Defendants failed to provide Plaintiff Carcamo and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language (Spanish), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

74. Plaintiff Carcamo brings his FLSA minimum wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants on or after the date that is three years

before the filing of this Complaint (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

74. At all relevant times, Plaintiff Carcamo, and other members of the FLSA Class who are and/or were similarly situated, had substantially similar job requirements and pay provisions.

75. At all relevant times, Plaintiff Carcamo, and other members of the FLSA class were similarly situated in that they had substantially similar job requirements and pay provisions, and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the minimum wage required by the FLSA.

76. The claims of Plaintiff Carcamo stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
**Violation of the FLSA Minimum Wage Provisions**

77. Plaintiff Carcamo repeats and re-alleges all paragraphs above as though fully set forth herein.

78. At all times relevant to this action, Defendants were Plaintiff Carcamo's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Carcamo (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

79. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

80. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

81. Defendants failed to pay Plaintiff Carcamo (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

82. Defendants' failure to pay Plaintiff Carcamo (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

83. Plaintiff Carcamo (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### Violation of the New York Minimum Wage Rate

84. Plaintiff Carcamo repeats and re-alleges all paragraphs above as though fully set forth herein.

85. At all times relevant to this action, Defendants were Plaintiff Carcamo's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Carcamo (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

86. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Carcamo (and the FLSA Class members) less than the minimum wage.

87. Defendants' failure to pay Plaintiff Carcamo (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

88. Plaintiff Carcamo (and the FLSA Class Members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### Violation of the Notice And Recordkeeping Requirements of the New York Labor Law

89. Plaintiff Carcamo repeats and re-alleges all paragraphs above as though fully set forth herein.

90. Defendants failed to provide Plaintiff Carcamo with a written notice, in English and in Spanish (Plaintiff Carcamo's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

91. Defendants are liable to Plaintiff Carcamo in the amount of $5,000, together with costs and attorneys' fees.

### FOURTH CAUSE OF ACTION
### Recovery of Equipment Costs

92. Plaintiff Carcamo repeats and re-alleges all paragraphs above as though set forth fully herein.

93. Defendants required Plaintiff Carcamo to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as bicycles, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

94. Plaintiff Carcamo was damaged in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Carcamo respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Carcamo and the FLSA class members;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Carcamo and the FLSA class members;

(d) Awarding Plaintiff Carcamo and the FLSA class members damages for the amount of unpaid minimum wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(e) Awarding Plaintiff Carcamo and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL;

(g) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Carcamo and the FLSA Class members;

  (h) Awarding Plaintiff Carcamo damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

  (i) Awarding Plaintiff Carcamo and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the minimum wage compensation shown to be owed pursuant to NYLL § 663 as applicable;

  (j) Awarding Plaintiff Carcamo and the FLSA class members pre-judgment and post-judgment interest as applicable;

  (k) Awarding Plaintiff Carcamo and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

  (l) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

  (m) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Carcamo demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
   October 5, 2017

         MICHAEL FAILLACE & ASSOCIATES, P.C.

         /s/ Michael Faillace_____
       By: Michael A. Faillace [MF-8436]
         60 East 42nd Street, Suite 4510

New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  Telephone: (212) 317-1200
New York, New York 10165  Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 3, 2017

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                           **Oscar Enmanuel Carcamo Moran**

Legal Representative / Abogado:          Michael Faillace & Associates, P.C.

Signature / Firma:                       *[signature]*

Date / Fecha:                            03 de octubre de 2017